UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:12-cv-132-RLV
(5:01-cr-12-RLV-1)

| RICHARD LYNN WILLIAMS, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | **ORDER** |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence filed under 28 U.S.C. § 2255. (Doc. No. 1). For the reasons that follow, the Court finds that this is an unauthorized, successive petition, and the Court therefore dismisses the Motion to Vacate.

## I.     BACKGROUND

On March 5, 2002, Petitioner pled guilty to conspiracy to manufacture in excess of 500 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a) and 846(b) (Count One); possession with intent to distribute in excess of 50 grams of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (Count Two); and using and carrying a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (Count Three). (Criminal Case No. 5:01cr12, Entry dated Mar. 5, 2002). Petitioner was subsequently sentenced to 240 months of imprisonment for Count One, 240 months of imprisonment for Count Two, to run concurrently to Count One, and 60 months of imprisonment for Count Three, to run consecutively to Counts One and Two, for a total of 300 months of imprisonment. (Id., Doc. No. 35: Amended

1

Judgment).  Petitioner was subject to a mandatory minimum sentence of 240 months on Count One based on a prior drug conviction.  On July 8, 2005, the Fourth Circuit Court of Appeals affirmed Petitioner's conviction and sentence.  United States v. Williams, 138 Fed. App'x 553 (4th Cir. 2005).

On October 10, 2006, Petitioner filed a § 2255 motion to vacate, which this Court denied and dismissed on the merits and with prejudice on February 19, 2008.[1]  (Criminal Case No. 5:01cr12, Doc. Nos. 44; 45: Civil No. 5:06cv131).  On August 26, 2008, the Fourth Circuit dismissed Petitioner's appeal of this Court's order denying the motion to vacate.  (Id., Doc. No. 47).  On August 22, 2012, Petitioner filed the instant § 2255 motion, in which he contends that he is entitled to relief under the Fourth Circuit's en banc decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011).

## II.  STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief.  After having considered the record in this matter, the Court finds that no response is necessary from the United States.  Further, the Court finds that this matter can be resolved without an evidentiary hearing.  See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III.  DISCUSSION

---

[1] Petitioner also filed a motion to vacate on October 8, 2003, arguing among other things that his counsel rendered ineffective assistance because counsel failed to file an appeal on Petitioner's behalf, despite Petitioner's instruction to counsel to do so.  (Criminal Case No. 5:01cr12, Doc. No. 33: Civil Case No. 5:03cv130).  On September 9, 2004, this Court granted the motion to vacate in part to allow Petitioner to file an appeal.  (Id., Doc. No. 34).  The Court dismissed without prejudice all of Petitioner's other claims.

2

Petitioner filed the instant § 2255 petition on August 22, 2012, seeking to have the Court vacate his conviction and sentence in Criminal Case No. 5:01cr12-RLV-1. As noted, Petitioner filed a previous § 2255 petition challenging the same conviction and sentence on October 10, 2006, which motion was denied and dismissed on February 19, 2008. Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Thus, Petitioner must first obtain an order from the Fourth Circuit before this Court will consider any second or successive petition under 28 U.S.C. § 2255. Petitioner has not shown that he has obtained the permission of the Fourth Circuit to file a successive petition. See also 28 U.S.C. § 2255(h) (stating that "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals"). Accordingly, this successive petition must be dismissed.[2] See Burton v. Stewart, 549 U.S. 147, 153 (2007) (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place"). Accord Everette v. United States, 5:04-cv-358, 2012 WL 4486107 (E.D.N.C. Sept. 28, 2012) (dismissing a § 2255 petition as a successive petition where the petitioner raised a claim under United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), appeal dismissed, 512 Fed. App'x 295 (4th Cir. 2013).

**IV. CONCLUSION**

For the foregoing reasons, the Court will dismiss the § 2255 petition for lack of jurisdiction because the motion to vacate is a successive petition and Petitioner has not first

---

[2] The petition is also untimely under § 2255(f)(1), as it was filed more than one year after Petitioner's judgment became final, and none of the other subsections of § 2255(f) applies to render the petition timely.

obtained permission from the Fourth Circuit to file the motion.

**IT IS, THEREFORE, ORDERED** that

1. Petitioner's § 2255 Motion to Vacate, (Doc. No. 1), is **DISMISSED** as a successive petition.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right). Petitioner has failed to make the required showing.

Signed: January 3, 2014

Richard L. Voorhees
United States District Judge

4